UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § Plaintiff, § § v. § § DEREK A. NELSON, CAPITAL MOUNTAIN § HOLDING CORP., SYSTEMS XXI, ACT I, LLC § and SYSTEMS XXI, ACT II, LLC, § § Defendants, and § § PLOUTEO, INC., HOMAIDE REAL ESTATE § SERVICES CORP., and RG RETIREMENT, INC. § § Relief Defendants, Solely for the Purposes § of Equitable Relief. § | MISC. FILE NO. 2:09-ms-0101 Currently pending in the Northern District of Texas, Dallas Division Civil Action File No. NO. 3:09-cv-02222-F |

## NOTICE OF FILING

Pursuant to 28 U.S.C. § 754, Keith Miles Aurzada, as Receiver for Derek A. Nelson, Capital Mountain Holding Corp., Systems XXI, ACT I, LLC and Systems XXI, ACT II, LLC, ("**Defendants**"), Plouteo, Inc. and Homaide Real Estate Services Corp., and RG Retirement, Inc. ("**Relief Defendants**", and together with the Defendants, the "**Receivership Companies**"), through his undersigned counsel, hereby gives notice of the entry of the following order:

1. Order Granting Receiver's Unopposed Motion for Order (i) Authorizing the Sale of Certain Real Property; (ii) Relieving the Receiver From the Provisions of 28 U.S.C. §§ 2001-2002; and (iii) Approving Settlement With Fred Ferris.

The above-described order, a true and correct copy of which is attached hereto as **Exhibit A**, was previously entered in the above-styled action, currently pending in the Northern District of Texas, Dallas Division Civil Action File No. 3:09-cv-02222-F.

Dated this 25th day of March, 2011.    Respectfully submitted,

**BRYAN CAVE LLP**

By: _____
Walter A. Herring
Texas State Bar No. 09535300
Jay L. Krystinik
Texas State Bar No. 24041279
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
Telephone:   (214) 721-8000
Facsimile:    (214) 721-8100

*Not Admitted to Practice in Nevada*

COUNSEL FOR KEITH MILES AURZADA, RECEIVER FOR THE ESTATES OF DEREK A. NELSON, CAPITAL MOUNTAIN HOLDING CORP., SYSTEMS XXI, ACT I, LLC AND SYSTEM XXI, ACT II, LLC,

::ODMA\PCDOCS\PGDocs\6133782\1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br>v.<br><br>DEREK A. NELSON, CAPITAL MOUNTAIN HOLDING CORP., SYSTEMS XXI, ACT I, LLC and SYSTEMS XXI, ACT II, LLC,<br>    Defendants, and<br><br>PLOUTEO, INC. and HOMAIDE REAL ESTATE SERVICES CORP.,<br>    Relief Defendants, Solely for the Purposes of Equitable Relief. | §§§§§§§§§§§§§§§§ Currently pending in the<br>Northern District of<br>Texas, Dallas Division<br>Civil Action File No.<br>NO. 3:09-cv-02222-F |

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2011, I served the foregoing Notice of Filing upon all parties[1] and/or counsel of record in this proceeding by placing a copy of same in the United States Mail with sufficient postage affixed thereto, addressed as follows:

Robert Long
United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102
Attorney for (Plaintiff) Securities and
Exchange Commission

Derek A. Nelson
906 West McDermott Drive, Suite 116 #323
Allen, TX 75013

_____
Jay L. Krystinik

---

[1] Dan Waller, Esq., previously withdrew from representation of the defendants herein.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,

v.

DEREK A. NELSON, CAPITAL MOUNTAIN
HOLDING CORP., SYSTEMS XXI, ACT I, LLC
and SYSTEMS XXI, ACT II, LLC,
    Defendants, and

PLOUTEO, INC., HOMAIDE REAL ESTATE
SERVICES CORP., and RG RETIREMENT, INC.
    Relief Defendants,
    Solely for the Purposes of
    Equitable Relief

Civil Action No. 3:09-cv-02222-F

### ORDER GRANTING RECEIVER'S UNOPPOSED MOTION FOR ORDER (i) AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY; (ii) RELIEVING THE RECEIVER FROM THE PROVISIONS OF 28 U.S.C. §§ 2001-2002; and (iii) APPROVING SETTLEMENT WITH FRED FERRIS

BEFORE THE COURT is the Receiver's Motion for Order (i) Authorizing the Sale of Certain Real Property; (ii) Relieving the Receiver from the Provisions of 28 U.S.C. §§ 2001-2002.; and (iii) Approving Settlement with Fred Ferris (the "*Motion*") filed by Keith M. Aurzada as Receiver (the "*Receiver*") for DEREK A. NELSON, CAPITAL MOUNTAIN HOLDING CORP., SYSTEMS XXI, ACT I, LLC and SYSTEMS XXI, ACT II, LLC, ("*Defendants*"), and PLOUTEO, INC., HOMAIDE REAL ESTATE SERVICES CORP., and RG RETIREMENT, INC. ("*Relief Defendants*", and together with the Defendants, the "*Receivership Companies*"). Based upon a review of the Motion, and the pleadings on file, the Court finds and concludes that (a) the relief requested in the Motion is in the best interests of the Receiver and his receivership estates; (b) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (c) good and sufficient cause exists for the granting of the relief

1

requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on a final basis.

2. The Receiver is authorized to sell that certain real property located in Nevada and more particularly described in the Motion (the "***Nevada Property***").

3. The Receiver is authorized to sell the Nevada Property pursuant to the listing agreements (collectively, "***Listing Agreement***") attached to the Motion as **Exhibit A**, which are hereby approved, and through the services of the broker identified therein ("***Broker***").

4. The Receiver may sell the Nevada Property pursuant to the manner set forth in the Motion, notwithstanding the provisions of 28 U.S.C. §§ 2001-2002, which are hereby waived.

5. The Receiver may sell parcels of the Nevada Property to a buyer without further court approval so long as the Receiver files a notice of sale and no objections are filed within three (3) days of such notice. The notice of sale shall identify at minimum: (i) property to be sold; (ii) terms of sale; (iii) price to be paid; and (iv) the name of the buyer. If an objection is received, the Receiver will not sell such property until further order of the Court. The Receiver shall provide a copy of the notice of sale to legal counsel for Fred Ferris via facsimile or e-mail on or before the same day that the Receiver files the notice of sale at the Court.

6. The Receiver's proposed compromise with Fred Ferris ("Ferris") is APPROVED between the Receiver and Ferris on the terms set forth in the Motion.

2

7. Within five (5) business days of the Receiver providing a copy of this Order to legal counsel for Ferris via e-mail or facsimile, Ferris will execute releases of his liens on the Nevada Properties (including but not limited to releases of the filed Affidavits of Interest) and file such releases in the appropriate counties within Nevada.

8. Subject to the terms of this Order, the Receiver shall market and sell the Nevada Properties free and clear of the liens asserted by Ferris (which will be released as set forth herein), and the proceeds of any sale(s) of the Nevada Properties will be divided such that the Receiver receives seventy percent (70%) of the proceeds of such sale(s) after expenses, and Ferris receives thirty percent (30%) of the proceeds of such sale(s) after expenses.

9. The Receiver shall retain all rents from operation of the Nevada Properties.

10. The Receiver agrees to waive the deadline for submitting a claim against the Receivership Companies, for the purpose of allowing Fred Ferris to file a claim. The Receiver reserves the right to assert objections to any such claim.

11. In return for the consideration set forth above, the Receiver and Ferris hereby forever, irrevocably and unconditionally, release and discharge each other, and their respective attorneys, agents, successors, and assigns, from any and all charges, claims, liabilities, agreements, damages, causes of action, suits, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) relating to Ferris's assertion of interests in the Nevada Property and the Receiver's sale of the Nevada Property, which Receiver or Ferris now has, or claims to have, or which Receiver or Ferris at any time had, or claimed to have, or

which Receiver or Ferris at any time hereafter may have, or claim to have, against the other. This release does not cover any claim for breach of this Order. Further, this release does not cover any claim that Fred Ferris may have against the Defendants, Relief Defendants, Small Potatoes, LLC, and/or the owner(s) of Small Potatoes, LLC. Further, this release does not bar Fred Ferris from filing a claim against the Receivership Companies through the Receivership Estate.

IT IS SO ORDERED.

SIGNED this 10th day of March, 2011.

_____
Royal Furgeson
Senior United States District Judge

4